R-692



# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

August 15, 1947

Hon. G. H. Lloyd, Executive Secretary,
Employees Retirement System of Texas
Post Office Box 791
Austin, Texas

Opinion No. V-345

Re: Whether the Employees
Retirement System may
employ an actuary as
an independent con-
tractor, who at the
same time, is an ac-
tuary for another
State Agency.

Dear Sir:

Your letter to this Department asked for an opinion as to whether Mr. John S. Rudd, Jr. may be employed as an independent contractor to furnish actuarial services to the Employees Retirement System of Texas. You disclose that Mr. Rudd is at the present time serving as a consulting actuary for the Teacher Retirement System of Texas. He is carried on the pay roll of that Department as a part-time employee.

With reference to whether Mr. Rudd, if employed, would be an "employee" or an "independent contractor," the following information is obtained from correspondence furnished to us by you: Mr. Rudd maintains an independent business as a consulting actuary at 107 West 14th Street in Austin. He retains a staff of employees and furnishes all of his own office machines and equipment. He is engaged in actuarial work as an independent contractor for various insurance companies and pension systems. His work with the Teacher Retirement System is that of furnishing actuarial services. He was offered a position as Assistant Director and Actuary for the Teacher Retirement System at $4800.00 per year. In the alternative, he was offered $2500.00 per year to be their consulting actuary. He accepted their latter offer and rejected the former. He does not occupy any desk space in any Teacher Retirement System office. He does not have any stated office

Hon. G. H. Lloyd - Page 2                    V-345

hours.  He is free from the control of the Teacher Re-
tirement System with respect to the details of the man-
ner of his work.

There is considerable doubt as to whether or
not Mr. Rudd is an "employee" of the Teacher Retirement
System, as distinguished from an "independent contrac-
tor".  But, assuming that he is an "employee" of the
Teacher Retirement System, the recited facts clearly
indicate that Mr. Rudd would be retained by the Employ-
ees Retirement System as an "independent contractor"
rather than as an "employee".

In Opinion No. V-303, promulgated by this of-
fice on July 15, 1947, a copy of which is herewith en-
closed, it was held that a State employee is not pro-
hibited by law from entering into and executing a con-
tract, as an independent contractor, with another State
agency where there was no incompatibility in such work,
and where there was no failure to discharge his State
duties.

There is no incompatibility in furnishing ac-
tuarial services to both the Teacher Retirement System
and the Employees Retirement System.  There are no con-
flicts of interest; neither position is subordinate to
the other; neither is antagonistic to the other; nei-
ther has any power to appoint or remove any employee of
the other; neither audits the books of the other; and
neither exercises any supervision over the other.

Article XVI, Section 33, of the Texas Consti-
tution provides:

"The accounting officers of this State
shall neither draw nor pay a warrant upon
the treasury in favor of any person, for
salary or compensation as agent, officer or
appointee, who holds at the same time any
other office or position of honor, trust,
or profit under this State . . . ."  (Em-
phasis added)

However, an independent contractor occupies
neither an office nor position under the State.  He is
not an agent of the State.  He is free to control the
details of the work, and may work at such hours as he
may see fit; he is free to employ or discharge assist-
ants without consulting anyone connected with the State;

and he would be responsible for his own torts and the torts of his employees. The Employees Retirement System is merely interested in the results of his work, to-wit, the actuarial tables and information to be furnished by him.

We, therefore, hold that Article XVI, Section 33, of the Constitution is not applicable in this situation, and that you may engage Mr. Rudd as a consulting actuary as an independent contractor. By accepting such contract, he would not jeopardize his part-time position with the Teacher Retirement System, and the accounting officers of this State would be justified in issuing warrants in his behalf for services rendered to both departments.

SUMMARY

The Employees Retirement System of Texas may engage an actuary as an independent contractor who, at the same time, is an actuary for another State Department, there being no incompatibility in such work, and there being no neglect of any State duties.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

Joe R. Greenhill
Executive Assistant


APPROVED:

FIRST ASSISTANT

JRG:erc